# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| COREN HARRIS, | Case No. 5:22-cv-00623 |
| Petitioner, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Amanda M. Knapp |
| ALICIA HANDWERK-CHAIR, | |
| Respondent. | |

## OPINION AND ORDER

In this action seeking a writ of habeas corpus, the Magistrate Judge issued a Report and Recommendation that the Court dismiss the petition. (ECF No. 10.). In the Report and Recommendation, the Magistrate Judge summarized the factual and procedural history of the case. (*Id.*, PageID #1047–52.) In short, Petitioner Coren Harris was convicted of one count of sexual battery. (*Id.*, PageID #1049.) He was sentenced to four years in prison with five years of post-release control. (*Id.*, PageID #1050.) Petitioner unsuccessfully challenged his conviction on direct appeal and through collateral proceedings in State court before commencing this action. (*Id.*, PageID #1050–51.)

Petitioner asserts two grounds for relief: (1) ineffective assistance of counsel for failure to challenge the sufficiency of the evidence at his trial on direct appeal; and (2) ineffective assistance of counsel for failure to comply with certain State criminal and appellate rules in briefing his challenge to the trial court's jury instructions on direct appeal. (ECF No. 1, PageID #4–7.) The Magistrate Judge

recommends that the Court deny the first ground for relief because it fails on the merits, reasoning that Petitioner has not demonstrated that the denial of his appeal regarding his sufficiency of the evidence argument "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement" under the double deferential standard under the AEDPA. (ECF No. 10, PageID #1060 (quoting *Perkins v. McKee*, 411 F. App'x 822, 828 (6th Cir. 2011).) Further, the Magistrate Judge observed that the appellate decision that determined that the verdict was not against the manifest weight of the evidence "implicitly included a finding that there was sufficient evidence to support the verdict." (*Id.* PageID #1059–60; *see also Nash v. Eberlin*, 258 F. App'x 761, 765 (6th Cir. 2007).)

With respect to the second ground, the Magistrate Judge recommends denial of the claim because it is not cognizable to the extent that it relies on the application of State procedural rules or allegations that the State trial court's jury instructions violated State law. (*Id.*, PageID #1064.) Further, the Magistrate Judge recommends dismissal of this ground on the merits because the State court's focus on Petitioner's failure to demonstrate a reasonable probability of success was consistent with *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and that his arguments regarding prejudice were speculative. (*Id.*, PageID #1065–67.)

The Report and Recommendation advised that any objections were due fourteen days after service and notified Petitioner that failure timely to object may waive the right to appeal the Court's order. (*Id.*, PageID #1067.) The Report and

Recommendation was docketed on May 1, 2025 (ECF No. 10) and mailed to Petitioner the same day. Nonetheless, Petitioner has failed to object to the Magistrate Judge's Report and Recommendation. Under the law of this Circuit, "failure to object to a magistrate judge's Report and Recommendation results in a *waiver* of appeal on that issue as long as the magistrate judge informs parties of that potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (emphasis added); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

The Sixth Circuit clarified this rule: failure to object is not a waiver, but a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here."). This is so because "[w]aiver is different from forfeiture." *United States v. Olano*, 507 U.S. 725, 733 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring) (noting the Supreme Court's cases "often used [waiver and forfeiture] interchangeably," but that "[t]he two are really not the same."). This difference matters because forfeited issues may, in certain circumstances, nevertheless "be considered on appeal." *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

3

In any event, the time for filing objections to the Report and Recommendation has passed. Petitioner neither objected, nor provided some legitimate reason why he failed to do so. Further, upon the Court's independent review of the record, there does not appear to be clear error in the Magistrate Judge's Report and Recommendation. Therefore, the Court **ADOPTS** the Report and Recommendation (ECF No. 10) and **DISMISSES** the action **WITH PREJUDICE**. Further, the Court further **DIRECTS** the Clerk to enter judgment accordingly.

**SO ORDERED.**

Dated: June 11, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio